## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

CHRISTOPHER ERIC KEEVER,     :

                       :

        Plaintiff,        :

                       :

v.                        :      CASE NO. 3:14-CV-58-MSH

                       :      Social Security Appeal

CAROLYN COLVIN,       :

Commissioner of Social Security,   :

                       :

        Defendant.     :

---

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1]    Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUE

**Whether the ALJ properly determined that Plaintiff does not meet Listing 12.05C.**

## Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on January 7, 2011, (Tr. 13, ECF No. 12-2) alleging disability as of May 15, 2009.  (*Id.*)  Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing on December 13, 2012.  (*Id.*)  Following the hearing, the ALJ issued an unfavorable decision on April 12, 2013.  (Tr. 13-27.)  The Appeals Council ultimately denied Plaintiff's Request for Review on May 19, 2014.  (Tr. 1-3.)  This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff meets the insured status requirement of the Social Security Act through December 31, 2014.  (Tr. 15.)  He further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since his alleged onset date.  (*Id.*)  The ALJ found that Plaintiff had the severe impairments of mental retardation with a full scale I.Q. of 64, bipolar disorder, and anxiety.  (Tr. 16.)  The ALJ then determined that Plaintiff had no impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  The ALJ specifically considered Listing 12.05 in making this determination.  (Tr. 16-17.)

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC)

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is capable of performing simple tasks and focusing for up to two hours at a time; he can have occasional interaction with the general public; he will have some problems responding appropriately to criticism from supervisors and relating to coworkers but should be able to handle it well enough to function on a job, and therefore a restriction to only occasional interaction with co-workers and supervisors is added; he is able to maintain basic social interactions; and he is fully able to adapt and respond to changes in the work setting with minimal supervision.

(Tr. 19.)   Based on this RFC, the ALJ determined that Plaintiff was capable of performing his past relevant work as a laborer at a poultry farm and a laborer in a concrete plant.  (Tr. 25.)

The ALJ further found that Plaintiff was 32 years old on the alleged disability onset date, which is considered to be a younger individual, he is illiterate but graduated high school with a special education diploma, and is capable of communicating in English.  (Tr. 26.)  Considering his education, age, work experience, and RFC, the ALJ elicited testimony from a vocational expert (VE) that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform such as sandwich board carrier, cleaner, and agricultural produce sorter.  (*Id.*)  The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from May 15, 2009 through the date of her decision.  (Tr. 27.)

## DISCUSSION

**Did the ALJ properly analyze Plaintiff's mental impairment under Listing 12.05?**

In his brief on appeal, Plaintiff raises one issue.[3]  He asserts that the ALJ erred in finding that his mental impairments do not meet or medically equal paragraph C of Listing 12.05.  (Pl.'s Br. 7-10, ECF No. 13.)  The commissioner responds that Plaintiff failed to prove a valid full scale IQ of 60-70 or any other physical or mental impairment which imposes additional and significant work related limitations of function as required by the Listing.  (Def's Br. 3-7, ECF No. 14; 20 C.F.R. Pt. 404, Subpart P, App'x 1, Sec. 12.05.)

The sequential evaluation process must be followed when a claim for disability benefits is considered by the Commissioner.  *Ambers v. Heckler,* 736 F.2d 1467, 1469 (11th Cir. 1984).  Whether a claimant has impairments which alone or in combination meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, App'x 1 is decided at step three of the process.  The Listing of Impairments describes for each of the major body systems those impairments which are considered sufficiently severe to preclude a person from engaging in substantial gainful activity.  A claimant "meets" the listing if he has a diagnosis included in the Listing and proves that that his condition fulfills the specific criteria of the Listing including the duration

---

[3]     Plaintiff had previously applied for disability benefits on August 7, 2009. His claims in that application were denied on November 2, 2009 and denied on reconsideration also on January 8, 2010.  Although neither party addressed the issue, the Court notes that Plaintiff's claims in this action allege a date of onset prior to the application date in the previous unfavorable decision.  In other words, he alleges in this case that he became disabled to work on May 15, 2009 although the Commissioner had already found him to be not disabled as of August 7, 2009.

requirement.  20 C.F.R.404.1525(a)-(d).  A claimant "medically equals" the Listing when he proves that his condition is equal in severity and duration to the findings required by the Listing.  20 C.F.R. 404.1526(a); *Wilson v. Barnhart,* 284 F.3d 1219 (11th Cir. 2002). The claimant has the burden of proving that his impairments meet or medically equal a listed impairment.  *Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir. 1986).  He must prove that he meets all of the criteria for presumptive disability.  *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990).

To meet the criteria for presumptive disability under Listing 12.05 the claimant must establish a valid IQ score of 60 to 70 and also an additional mental or physical impairment that has more than minimal impact on the ability to perform basic work activities. *Lowery v. Sullivan,* 979 F.2d 835, 837th Cir. 1992). Plaintiff has proved neither.  The IQ score in issue is from a 2009 consultative examination conducted as part of Plaintiff's prior application, which was denied.  (Tr. 343-46, Ex. 5F.)  While scores of 63 in verbal skills, 73 in performance, and a full scale 64 were reported, the examiner expressly discounted the scores based on a clinical finding that Plaintiff put forth a poor effort. He did not try.  The examiner stated that the "test results may be an underestimation of his abilities due to poor task persistence."  (Tr. 338.)  Because of this, the ALJ found that the test results are not valid within the meaning of the Listing.  The Commissioner attempted to further develop the record on this point by arranging a second, more current consultative examination but Plaintiff refused to participate.  (Tr. 17.)  Plaintiff did not prove a valid IQ score within the range set out in the Listing.

Also, Plaintiff's asserted additional mental impairment of illiteracy was found to be not credible by the ALJ.  In her quite thorough discussion, the ALJ pointed out that Plaintiff has a wide range of activities of daily living and has a successful work history. (Tr. 18.)  He quit his job in a poultry house due to dust and quit other work because the business was closing. (Tr. 403, Ex. 14F.)  Despite his asserted illiteracy, he maintains (or at least has previously maintained) a Facebook page and met his fiancé on the Internet. (Tr. 20.)  The ALJ also noted only very limited mental or physical health treatment despite Plaintiff's asserted disability due to mental retardation, anxiety, bipolar disorder, chest pains, shortness of breath and a host of other alleged maladies.  In weighing the medical source opinions, the ALJ expressly assigned weight to those she found to have evidentiary value and explained her reasons for discounting those to whom she afforded only little weight.

Given the lack of a valid IQ score within the Listing range, the lack of credible evidence to prove an additional mental or physical impairment, the extensive work history and wide range of daily activities established in the record, as well as Plaintiff's refusal to attend a current consultative evaluation of the asserted mental impairments upon which he bases his claim for benefits under the Social Security Act, the decision by the Commissioner to deny his applications is amply supported by substantial evidence and premised on the correct principles of law.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 13th day of January, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE